Good morning. May it please the Court. My name is Christine Dahl. I represent Mr. Sherman and Mr. Sorenson. Two issues are presented by Mr. Sorenson's case, and I'm going to begin with the common issue. I'd like to reserve two minutes for rebuttal. The Warrant Clause doesn't admit any exceptions for administrative warrants, and these cases call upon the Court to decide whether Section 4213, that authorizes the Parole Commission to issue an arrest warrant for alleged parole violations, can be interpreted in a way to comply with the Fourth Amendment. This Court's decision in Vargas-Amaya interpreted the supervised release warrant statute, which is quite similar to the Parole Commission's statute, in a manner to avoid the constitutional question. Excuse me. You said quite similar, but we're in a constitutional mode here regarding the Fourth Amendment requirements on warrants, so the statutes are similar, but they're totally different also, aren't they? No, Your Honor. I believe that the supervised release system replaced the parole system for most individuals in the criminal justice system. Oh, no, we understand that, but I'm saying the two procedures. When you're on supervised release, you've served your custody time, and you're now in a safe Phase 2 of your punishment. You're out on supervised release, but you've served your time for the basic crime. As I understand the parole system, as we've dealt with it in the past, you're still serving your time when you're out on parole. So they're basically two statutory differences, aren't they? Yes, Your Honor. You're still in the custody, technically, in the custody. You're out like parole, but you're in the custody when you're out on parole. Yes, Your Honor, but I believe that the constructive custody theory has been receded from and overruled by the Supreme Court decisions concerning what procedural due process protections are due to individuals on parole. Well, procedural due process is one thing, but constitutional Fourth Amendment warrant requirements are different, aren't they? Certainly, Your Honor. You can't mush those two together. Aren't we dealing with the constitutional Fourth Amendment issue here? Yes. And we're dealing with the statutory construction of the word warrant. And in that sense, the Parole Commission warrant statute is exactly the same as the supervised release warrant. But isn't the Parole Commission different than supervised release, which is you're on supervised release, which is enforced by the district court judge, and the warrant must be issued by the district court judge. It's signed off on. Yes, Your Honor. And in that sense — Isn't that — isn't the Parole Commission a different — it's an administrative agency, basically. It's not — it's not the court. It's not a judicial entity. Yes, Your Honor. And then because it's an administrative agency, one would think that the — well, first, the Constitution doesn't distinguish between judicial warrants and administrative warrants. The Supreme Court has, though. I disagree respectfully, Your Honor. As we stated in the brief, the Supreme Court in Nathanson reversed the circuit court for finding that an administrative warrant need not comply with the warrant clause. Well, the warrant clause could be complied with under reasonableness or probable cause. And isn't there a distinction there when you're looking at administrative warrants versus judicial warrants? There is in the context of search warrants or searches. There, this warrant clause requires reasonableness. As Justice Scalia noted, the warrant clause as it applies to arrests is more prescriptive. Well, you mean it can be an unreasonable arrest? No, Your Honor. The — there's no requirement that — no, I'm sorry. Let me back up a second. The warrant clause vis-à-vis searches requires reasonableness because that's how it's been interpreted. There is express language regarding the warrant clause vis-à-vis the issuance of arrest warrants, and those require probable cause upon an oath. Now, the Probation Office, when the Ninth Circuit decided the Vargas-Amaya decision, adjusted its procedures and now issues the warrants, the violation notices to the district court upon an oath. That incremental burden is minimal, and the Probation Office has already adjusted to complying with the Fourth Amendment with regard to its supervised release individuals. The same office supervises parolees, and safeguarding their constitutional protections under the Fourth Amendment requires no excessive burden on the government. The construction of — Well, let me ask you a question, now that you've raised it. Practically speaking, this is sort of a dying breed, those folks that are on probation. Literally, they're going to die off sooner or later, so there never will be a probation. But the probation officers are now administering, as I understand it, the probationers and the supervised release folks. So the probation officers electing one procedure probably is a good internal procedure, but what does that have to do with the legal issue? Are you trying to say that it's not onerous, and therefore what? Therefore, the court shouldn't be reluctant to interpret the statute in a manner consistent with the constitutional requirements. It's not like the exclusionary rule, which judicially creates some hardship on law enforcement when they fail to comply with a procedure. Here, they simply need to swear to what they're saying in order to get somebody arrested. The Supreme Court has recognized that the revocation of an individual's parole inflicts a grievous loss on their right to liberty. And in these cases, these individuals were in the community and were taken out of the community, and they are now in custody on allegations that don't comply with the Fourth Amendment, which the government concedes. The question is, does the Constitution allow an exception for administrative warrants, and under the Supreme Court precedent in Clark v. Martinez and others cited in our brief, you can't put an exception in a statute that doesn't exist. It's interesting. Even if we were to agree with you, I don't know. But your argument is, is that that an invalid warrant was issued, and therefore the parole commission didn't have jurisdiction and everything should be vacated, I guess is what the argument is. He's entitled to his writ of habeas corpus for his release. Is that correct? Why should any defect in issuance of the warrant affect the jurisdiction of the parole commission over your client? Well, Mr. Sorensen and Sherman have two different procedural postures. Mr. Sorensen is back in custody on a new violation, so he has a live issue that hasn't been adjudicated, and he should be restored to liberty. Mr. Sherman has had his revocation hearing. Since then, it's on administrative appeal, and under the unique circumstances regarding his five-year termination of supervision argument, the court can fashion a remedy that's meaningful for him. He's already been in custody for over 14 months in a situation where there was no probable cause found several times on the more serious of the charges. Well, as Judge Pratt says, so what? What if they just issue another warrant? I mean, if you want to correct it, we could technically correct it. He's in custody. Issue another warrant while he's there. Arrest him. Start all over. But how does it affect the substance? Isn't it all moot? I don't believe the government's urging mootness, and it matters to these gentlemen because the commission needs to exercise discretion in determining what sanction to impose for the alleged violations. And if the commission has violated these individuals' rights, that is something that the commission should take into consideration in adjudicating the alleged violations. Would you like to save some time for rebuttal? Yes, Your Honor. Thank you. Okay. Thank you. We'll hear from the government. May it please the Court, Kelly Zusman appearing on behalf of the United States Parole Commission. Your Honors, I think you've really hit the nail on the head in terms of parole is uniquely different from supervised release. Under the old law statutes, most people only served one-third or two-thirds of their sentence in custody. The remaining term was served out of custody, and the Supreme Court has recognized in Morris E.V. Brewer that they were continuing to serve their sentence, albeit outside the prison walls. I think the argument that's been raised here, that a warrant is a warrant is a warrant, has been squarely rejected by the Supreme Court. For example, in the Camara case, the Supreme Court held that an administrative warrant, although it was required to conduct a building inspection, which ultimately led to a criminal prosecution, did not have to be satisfied by probable cause. Council seems to want to distinguish searches versus arrests. But we're still under the Fourth Amendment, and there is no case anywhere that has held that the oath or affirmation requirement has to be applied in the parole revocation setting. I think that's where our research led us, and that's what's the dilemma of this case. Council argues there's a substantive result to the fact that we're not construing that warrant clause, the probationary statute, the way the Constitution would require under the Fourth Amendment. So we haven't found any cases really directly on point, and apparently you think so too. It would be except not here in the Ninth Circuit. There are – there have been three circuits that have expressly held that there is no oath or affirmation requirement in the parole setting. It was Jarman, Story, and the Heiser case from the D.C. Circuit. Judge Redden followed another local decision. But the bottom line is that they really operate very, very differently. This Court has already held that a parole revocation warrant need not be supported by probable cause. So you've held with Butcher and Rabb that that portion of the Fourth Amendment doesn't apply in the parole revocation setting. They operate very, very differently. And I think another way of looking at this is to step back and say, well, in a direct criminal case, if there is a search warrant that, for whatever reason, a police officer or an agent failed to sign the warrant, or the magistrate forgot to put them under oath, what happens in that circumstance? Well, every single case that has addressed that particular issue has said the warrant is nevertheless saved by the Leon Goodfaith exception. That's the essence of judicial involvement. You have a neutral and detached magistrate. In the parole setting, you don't have that. There is no judicial involvement. There is now, in supervised release cases, every week there's another hearing involving a supervised release violation in our court. Under the old parole system, once a judge sentenced someone, they usually never saw them again. It's administrative. And no court has held in the administrative setting that there is a requirement for oath or affirmation. There's no requirement for probable cause. Another reason why supervised release is different from parole is right in the statute itself. The supervised release statute of Section 3060 requires probable cause. There is no comparable requirement for parole. Let me ask you, with respect to Mr. Sherman, at least with respect to one of the allegations, the parole commission found probable cause, does that moot his claim here? I don't believe it does because he has been sentenced to 34 months. He is currently in custody at the Federal Detention Center here in Sheridan. But you've raised another issue, which is what is the effective relief here? Basically, I think the only relief, if you were to conclude that Vargas Amaya should apply to the parole setting, I think the only relief here would be to quash the original warrants, which the parole commission could then reissue nunk-pro-tunk under the Benny v. United States Parole Commission case. So we really are talking about a technical violation. So in that sense, no, I don't believe Mr. Sherman's case is moot. When does Mr. Sherman's term end? 2015. 2015. And Mr. Sorensen? 2007, August of 2007. Is Sorensen with the five-year early release provision? And in his reply brief, he raised an issue that the parole commission loses jurisdiction if they fail to hold a hearing within five years. And he cites the court to Section 4211. However, this court in Benny v. U.S. Parole Commission has held that the parole commission doesn't lose jurisdiction after five years and that the only relief that's available is a petition for a writ of mandamus directing the parole commission to hold a hearing, which has already taken place here. He had his hearing. Yes. You're urging, then, we address this issue because it's not moot. That's correct. Capable of repetition? Certainly in most of these cases. Over and over. It is very capable of repetition. So, no. How many times has Mr. Sorensen been released on parole and had to revoke? He's on his fourth. Fourth. And Mr. Sherman? Mr. Sherman was one, but it involved a series of violations that extended over a period of time. But it was only one formal revocation proceeding. I would assume you'd also urge that we distinguish Vargas. Absolutely. Vargas-Amaya, in itself, on the final page at Note 5, says that it's limiting its holding to the jurisdictional issue, which is under 3583 sub I. We don't have a jurisdictional issue in this case. It's really, does the Fourth Amendment apply to its fullest breadth to administrative parole revocation proceedings such that the warrants that were issued in this case should be quashed? We believe Judge Redden addressed this squarely. He applied Morrissey v. Brewer. He followed those decisions, which have addressed this squarely, from the Fourth and the D.C. and the Second Circuit, and that he reached the correct conclusion. If the Court has no further questions, I will. Judge Nelson? No. No questions. Okay. Thank you. Judge Brunetti, I wanted to answer your question. The five-year early termination question is presented by Mr. Sherman. Mr. Sorenson contends that his good-time forfeiture analysis extinguishes his sentence, and there's no reason to continue him in custody. We disagree with the Respondent's suggestion that no case has addressed the issue of administrative warrants and the application of the Fourth Amendment. The Supreme Court in 1933 said squarely that the Fourth Amendment applies to warrants under any statute, revenue, tariffs, and all others. No warrants inhibited by it can be made effective by an act of Congress or otherwise. The important principle here in statutory construction is that of constitutional avoidance. The question is whether Section 4213 can be interpreted in a way that avoids constitutional infirmity. We think it can. Thank you. Thank you very much. The matter will be submitted.
judges: Brunetti, T.G. Nelson, Paez